[Civ. No. 22528.   Second Dist., Div. One.   Nov. 12, 1957.]

A. C. MALONE, Respondent, v. IRENE E. MALONE, Appellant.

Johnson & Johnson, Moore & Moore and George R. Johnson for Appellant.

Fred A. Knight and Donald P. Lane for Respondent.

DORAN, J.—The action herein was instituted by the respondent husband, aged about 85 years, to set aside certain transfers of property to the appellant wife, aged 54 years. Mrs. Malone has appealed from that portion of the judgment based upon findings that 11,500 shares of common stock of Hancock Oil Company had been obtained from respondent by undue influence exercised by the appellant wife, and ordering a return of such stock to respondent.

It is appellant's contention that ''There is no evidence that any of the gifts was in any way the result of the exercise of undue influence by Mrs. Malone upon her husband. There is no evidence that the 1954 gift was in any way different from any of the preceding gifts.''

The trial court found that Mr. Malone ''was the owner, as his separate estate, of a large amount of property consisting substantially of stocks in various corporations,'' and that for the past five years, ''was suffering from progressive physical and mental senility, nervous disorders and from extreme

physical tremors, and his mental faculties became and were so impaired that he was and is easily influenced by those in whom he had and has confidence." The record discloses substantial evidence, including the testimony of expert witnesses, in support of these findings. Mr. Malone also testified as a witness, so that the trial court was able to make an appraisal of his then condition.

The parties to this action were married on August 29, 1929, and lived together until the appellant wife left the respondent on May 31, 1955. After the marriage, respondent engaged in no business of any kind, but through capital possessed at the time of marriage, and the increase thereof, particularly Hancock oil stock, Mr. Malone acquired an estate of approximately $1,500,000.

It appears from the record that in 1948, respondent abandoned a downtown office and moved books and papers to the family residence. Thereafter, Mrs. Malone acted as respondent's agent and assistant, became familiar with the financial affairs, and kept the tax records relating thereto. It was during this period that the transfers in question were made. As found by the trial court, the wife acted as the husband's "confidential agent," and "made practically all of his deposits in banks and has drawn almost all of the checks in the withdrawal of funds from the bank accounts." The husband, during this period, "reposed full and complete confidence and trust in the defendant."

Originally the parties had a common safe deposit box, but in 1952 the wife obtained a separate box in which were kept the stocks acquired from the husband. Likewise, until 1954, all income was deposited in a joint bank account, but in January, 1954, Mrs. Malone opened a separate bank account. In June of that year, the joint account was closed; thereafter, the only existing account was that maintained in the wife's name. At first, the husband was authorized to draw on this account, but on May 27, 1955, this privilege was cancelled by the wife without the husband's knowledge.

During this period occurred a number of transactions whereby stocks and other property were transferred to the appellant wife. Certain real property was likewise placed in joint tenancy between the parties. Although the husband had for many years been represented by an attorney, in respect to certain of these transfers the husband received no independent legal advice.

In respect to certain other transfers of Hancock oil stock

to the wife, the trial court found that these were valid, but concluded from the evidence "That the defendant holds 11,500 shares of the common stock of the Hancock Oil Company in trust for the plaintiff, and should in good conscience and equity, retransfer the same to the plaintiff."

Asked as to why earlier gifts were made to appellant, Mr. Malone replied: "At her continual begging for it. I got tired of it. The old axiom of a constant drop of water will wear a hole in a rock." And in reference to all the gifts of Hancock Oil shares made in 1952, 1953 and 1954, Mr. Malone testified: "Oh, she was asking me—she said it would save on the taxes. The gift taxes were so much less than the inheritance tax. That was her contention." It is respondent's contention that "Respondent was constantly begged and importuned by appellant to make transfers until he became worn out by it and gave in."

There was also evidence to the effect that the wife represented to the husband that there was no indebtedness, although such was not the case. Likewise, there was evidence that the wife had induced the husband to make a large loan to some relatives, taking back a promissory note in the wife's name alone, and had later collected the money. A judgment requiring a return of this money to the husband, was later complied with. As hereinbefore indicated, there was medical and other testimony to the effect that the husband was suffering from senility and in a condition where "he was and is easily influenced by those in whom he had and has confidence," as found by the trial court.

The end of the husband and wife relation occurred in May, 1955, when the wife learned that Mr. Malone had executed a new will eliminating Mrs. Malone and her relatives as beneficiaries. About this same time the wife learned that the husband had, by conveyance to a third person, destroyed the joint tenancy previously created by Mrs. Malone's request. Mrs. Malone, accompanied by a sister, then attempted to have the husband make a new will drawn by someone other than the husband's attorney, and upon Mr. Malone's refusal so to do, Mrs. Malone moved out of the family home.

There can be no disagreement concerning the definition of undue influence since section 1575 of the Civil Code provides that it consists "1. In the use, by one in whom a confidence is reposed by another, or who holds a real or apparent authority over him, of such confidence or authority, for the purpose of obtaining an unfair advantage over him; 2. In taking

unfair advantage of another's weakness of mind." In respect to the relation of husband and wife, section 158 of the Civil Code makes it clear that transactions between such parties are subject "to the general rules which control the actions of persons occupying confidential relations with each other."

In the instant case, therefore, the only question is whether such undue influence was practiced by Mrs. Malone in obtaining from Mr. Malone the 11,500 shares of Hancock Oil stock. This is a question of fact which the trial court, after a trial consuming 11 days, resolved in favor of respondent's contention that such undue influence had been practiced by the appellant. The rule is well established that where there is a conflict of evidence, a reviewing court is bound by the decision of the trier of facts. Such is the situation in respect to the present inquiry.

As pointed out in respondent's brief, the case of *Stewart* v. *Marvin*, 139 Cal.App.2d 769 [294 P.2d 114], (March, 1956) bears a marked resemblance to the present litigation. In the Stewart case a husband, aged 62, was persuaded by the wife, aged 42 years, to place certain property in joint tenancy. The husband consented to this transaction, according to the testimony, because of regard for the wife and because of persistent nagging, and "in order to have a little peace." The trial court vacated the transfer on the ground that the husband "did not have independent advice, and did not apprehend the result of his acts; that he was affected to a substantial extent, by senility, and was not in complete control of his faculties." Although appellant has sought to distinguish the facts of this case from those here existing, the fundamental principle remains the same.

The appellant has cited certain items of evidence which might seem to support the contentions made. This is, of course, immaterial since the record discloses substantial evidence sustaining the findings of the trial court. Nor is there any merit in appellant's argument that because certain other transfers were held valid, the one in question should be so treated. No reversible error has been pointed out, and no merit is found in any of the appellant's contentions.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied December 5, 1957, and appellant's petition for a hearing by the Supreme Court was denied January 6, 1958.